IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. CAESER AUGUSTUS DIGIANVITTORIO, | : : : | CIVIL ACTION |
| *Plaintiff*, v. | : : : | No. 19-4532 |
| SANTUARY CITY OF PHILADELPHIA, et al., | : : : : | |
| *Defendants*. | : : | |

## ORDER

**AND NOW,** this 1st day of October, 2019, upon consideration of *pro se* Plaintiff's Motion and "Complaint and Request for Injunction, Need TRO – Ex Parti To Stop Oct 1st 2019 Sheriff Sale" (ECF Nos. 1, 2), and Plaintiff's documentation in support thereof, I find as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff filed a Motion for a TRO, seeking to prevent an October 1, 2019 sheriff's sale of the property located at 3434 Weymouth Street, Philadelphia, Pennsylvania 19134. (ECF No. 2.)

2. Plaintiff's Motion indicates that a "Demand Notice," dated September 26, 2019, was hand delivered to "EQC NINE PENN CENTER PROP, and or Silverstein Properties - Owner or Management for 1735 Market St. . . . and current Occupants at 1735 Market Street, Suite #3750 Philadelphia, Pennsylvania 19103."   (ECF No. 2, p. 1-2.) Summonses were issued as to all defendants, but there has been no formal service in accordance with Fed. R. Civ. P. 4.  No defendant has appeared.

**LEGAL STANDARD**

3. The test for reviewing a preliminary injunction and a TRO are the same. <u>NutraSweet Co. v. Vit–Mar Enters., Inc.</u>, 112 F.3d 689, 693 (3d Cir. 1997). A TRO "should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'" <u>NutraSweet Co. v. Vit–Mar Enters., Inc.</u>, 176 F.3d 151, 153 (3d Cir. 1999) (quoting <u>Maldonado v. Houstoun</u>, 157 F.3d 179, 184 (3d Cir. 1998)). The district court is afforded discretion to grant or deny a TRO, as such orders are not a matter of right. <u>Smith v. Litton Loan Servicing, LP</u>, 2005 WL 289927, at *6 (E.D. Pa. Feb. 4, 2005). "Additionally, a TRO can be entered or denied without a hearing if the Court determines that there are no relevant facts in dispute." <u>Id.</u>; see also <u>Bradley v. Pittsburgh Board of Educ.</u>, 910 F.2d 1172, 1175-76 (3d Cir.1990).

**DISCUSSION**

4. Here, in a separate state-court proceeding, Plaintiff has litigated the real estate tax lien issues and resultant sheriff sale relative to the property located at 3434 Weymouth Street, Philadelphia, Pennsylvania. See <u>City of Philadelphia vs. DiGianvittorio</u>, No. 1804T0598 (Phila. C.C.P. 2018) (An August 6, 2019 Order mandated that the premises of 3434 Weymouth Street shall be sold at a sheriff's sale, pursuant to 53 P.S. Sec. 7101, et seq.). Independent of the TRO standards, the Third Circuit has clarified that the "<u>Rooker–Feldman</u> doctrine bars federal jurisdiction under two circumstances: if the claim was actually litigated in state court or if the claim is inextricably intertwined with the state adjudication." <u>ITT Corp. v. Intelnet Int'l</u>, 366 F.3d 205, 210 (3d Cir. 2004)

(internal citations and quotations omitted).  Plaintiff's present request for a TRO essentially seeks this Court's review of that state-court proceeding for the same property, which is barred by the Rooker–Feldman doctrine.  Therefore, Plaintiff has failed to establish a likelihood of success on the merits.

**WHEREFORE**, for the reasons set forth above, it is hereby **ORDERED** that Plaintiff's Motion requesting a temporary restraining order and Plaintiff's Complaint (ECF Nos. 1, 2) are hereby **DISMISSED**.


BY THE COURT:


*/s/ Mitchell S. Goldberg*

_____
**MITCHELL S. GOLDBERG, J.**